**Paul A. DIX, Petitioner-Appellant,**

v.

**Stanley R. RESOR, Secretary of the Army, et al., Respondents-Appellees.**

**No. 205, Docket 71-1784.**

United States Court of Appeals, Second Circuit.

Argued Sept. 23, 1971.

Decided Sept. 24, 1971.

Martin R. Stolar, New York City, for petitioner-appellant.

Lloyd H. Baker, Asst. U. S. Atty., Brooklyn, N. Y. (Robert A. Morse, U. S. Atty., David G. Trager and Paul E. Warburgh, Jr., Asst. U. S. Attys., Brooklyn, N. Y., on the brief), for respondents-appellees.

Before FRIENDLY, Chief Judge, and MULLIGAN and TIMBERS, Circuit Judges.

PER CURIAM:

Paul A. Dix, an enlistee in the United States Army, filed a petition in the Eastern District of New York for a writ of habeas corpus to effect his discharge from the Army on the ground that he was a conscientious objector. This action followed denial by the Army's Conscientious Objection Review Board of his application for release from further military duty which he had filed on September 8, 1970 on the same ground. The District Court, Jack B. Weinstein, District Judge, held that there was a basis in fact for the Department of the Army's decision and dismissed the petition. We affirm.

It is settled in this Circuit that a decision of a conscientious objection review board will not be disturbed if there is a basis in fact for its finding. Rosengart v. Laird, 449 F.2d 523 (2 Cir. 1971); Lovallo v. Resor, 443 F.2d 1262, 1264 (2 Cir. 1971); United States ex rel. Donham v. Resor, 436 F.2d 751, 753 (2 Cir. 1971); Hammond v. Lenfest, 398 F.2d 705 (2 Cir. 1968). We have applied to in-service conscientious objector applications a narrowly circumscribed view of the basis-in-fact standard. See Rosengart v. Laird, *supra*; Lovallo v. Resor, *supra*.

Given this limited scope of review, the District Court correctly found a basis in fact for the Army's determination that Dix was not a conscientious objector. After studying Dix's application and conducting a personal interview, an Army chaplain, acting pursuant to Army regulations, found that Dix was opposed only to the Vietnam War, not to all wars. Moreover, Dix's application was not filed until after he had been ordered to Vietnam. Such belatedness was properly considered in assessing Dix's sincerity. United States v. Gearey, 379 F.2d 915, 919 (2 Cir.), cert. denied, 389 U.S. 959 (1967).

Dix's contention that the District Court applied an erroneous standard of review is without merit. Judge Weinstein merely characterized our most recent decisions as applying "what amounts to a no-scintilla standard." He did not purport to apply such a standard. Rather, he pointed out that, while all circuits presumably apply the basis-in-fact standard, this Circuit has construed it more narrowly than others. *Compare* Lovallo v. Resor, *supra, with* Helwick v. Laird, 438 F.2d 959 (5 Cir. 1971).

While we reject Dix's contention that the District Court applied too narrow a standard, we also reject the government's argument that a no-scintilla standard is equivalent to a basis-in-fact standard. The government's reliance on Hammond v. Lenfest, 398 F.2d 705 (2 Cir. 1968), for this proposition is misplaced. There, in remanding to the District Court to determine whether there was a basis in fact for the denial of petitioner's discharge, Judge Kaufman noted that ". . . the record before us does not contain a scintilla of evidence challenging the sincerity or depth of [petitioner's] conscientious objector beliefs . . ." 398 F.2d at 717. This phrase does not mean that we would uphold the Army's denial of a conscientious objector application if there were a mere scintilla of evidence to show that petitioner was insincere in his beliefs.

We order that the mandate issue forthwith.

Affirmed.